IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE WILLIAMS,

      Petitioner,                      No. CIV S-04-0548 FCD EFB P

    vs.

EDWARD S. ALAMEIDA, JR., et al.,

      Respondents.              <u>ORDER</u>

_____/

      Petitioner is a prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Pending before the court is petitioner's motion for an extension of time to file an opposition to respondents' motion to dismiss beyond the time he was directed to do so. Respondents have not filed an opposition. For the reasons explained below, the court grants the motion.

      This action began with a petition filed on March 18, 2004. On June 10, 2004, respondents moved to dismiss the petition on the ground it was untimely. On November 15, 2004, petitioner filed and served a notice that he was pursuing unexhausted claims in state court, and requested that the court stay this action and hold it in abeyance pending exhaustion of the available state court remedies. On December 8, 2004, the district court denied the motion to dismiss without prejudice, granted the motion to stay this action, and ordered this action be

1  stayed and held in abeyance until the state court proceedings were complete.  In due course, the
2  state court proceedings ended, and on March 30, 2006, petitioner filed a first amended petition
3  for a writ of habeas corpus.  On October 31, 2007, the court lifted the stay, gave respondents
4  time to respond to the amended petition, and directed that any response thereto be filed within 21
5  days, the time permitted by Local Rule 78-230(m).  On January 29, 2008, respondents filed a
6  renewed motion to dismiss.  Petitioner did not file an opposition.  Instead, on March 7, 2008, he
7  filed a motion requesting that he be permitted to file an opposition to the motion to dismiss even
8  though time to do so has passed.

9        To obtain an extension based on a late request, petitioner must show excusable neglect.
10 Fed. R. Civ. P. 6(b).  To determine whether neglect is excusable, the court must consider the
11 danger of prejudice to respondent, the length of the delay and its potential impact on judicial
12 proceedings, the reason for the delay, including whether it was within petitioner's control, and
13 whether petitioner acted in good faith.  *Committee for Idaho's High Desert, Inc., v. Yost*, 92 F.3d
14 814, 825 & n.4. (9th Cir. 1996).  Carelessness does not usually constitute excusable neglect.  *See*
15 *Kyle v. Campbell Soup Company*, 28 F.3d 928, 929 (9th Cir. 1993) (stating that inadvertence,
16 ignorance of court rules and misconstruction of court rules usually do not constitute excusable
17 neglect).  In support of his motion, petitioner submits his attorney's declaration explaining why
18 she did not timely oppose respondents' motion on petitioner's behalf.  Counsel points out that
19 respondents' renewed motion to dismiss filed January 29, 2008, is dated June 10, 2004.  Counsel
20 argues that an unidentified person in her office gave this document to a paralegal, who noted the
21 June 10, 2004, date and believed it was an old document that did not require any action.  He
22 therefore placed it in the office files before counsel could review it and act on it.  Counsel's
23 paralegal has filed a declaration confirming that he when he received this document, he was busy
24 on a different case and mistakenly filed the document, believing it was from 2004.  The paralegal
25 checked the docket in this case on March 2, 2008, and discovered that the "Renewed Motion to
26 Dismiss" in fact had been filed on January 29, 2008.  The court finds that there is an element of

1  carelessness in counsel's failing timely to oppose respondents' motion.  However, the court
2  notes that the carelessness of respondents' counsel factored into the carelessness of petitioner's
3  counsel.  While the cause of the delay was within the control of petitioner's counsel, the delay is
4  only just over two weeks.  There is no evidence that this delay has any prejudicial impact on the
5  respondents.  Nor is there any evidence that counsel for petitioner has acted in bad faith.  Rather,
6  the record shows that counsel sought leave to file an opposition within five days of learning of
7  the oversight.   The court finds that excusable neglect is established.
8       Accordingly, it is ORDERED that petitioner's March 7, 2008, motion is granted and
9  petitioner has 30 days from the date this order is signed to file an opposition to respondents'
10 motion to dismiss.
11 Dated: March 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE