IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE WILLIAMS,

    Petitioner,                  No. CIV S-04-0548 FCD EFB P

    vs.

THOMAS L. CAREY, Warden, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the March 30, 2006, amended petition in which petitioner challenges his judgment of conviction, alleging two grounds for relief. First, he alleges that the Office of the District Attorney violated the 1989 plea agreement by opposing a finding that petitioner was suitable for parole at petitioner's July 31, 1995, parole suitability hearing. Am. Pet., at 3. Second, he alleges that the Board of Prison Terms has violated the plea agreement by repeatedly finding petitioner not suitable for parole based on reasons that do not support such a finding. *Id.* Currently under consideration is respondents' motion to dismiss this action upon the ground that this action is untimely. Petitioner opposes. As explained below, this action is untimely and respondents' motion must be granted.

////

1

## I. Procedural History

Pursuant to his plea of guilty, plaintiff was convicted of second degree murder on August 25, 1989. Resp.'s Mot. to Dism., Exh. A. The court imposed a sentence of 15 years to life in prison. *Id.* Petitioner did not appeal the judgment.

On May 9, 2002, the Board of Prison Terms found that petitioner was not suitable for release to parole. Pet'r Mem. in Supp. of Petition, filed March 30, 2006 ("Pet'r Mem."), Exh. E-4. On May 7, 2002, petitioner filed in the trial court a petition for a writ of error coram nobis seeking relief on the ground that the "life prisoner" designation in his central prison file violated his rights. Resp.'s Mot. to Dism., Exh. E, at 1. On May 31, 2002, the court denied relief, finding that petitioner failed to make a prima facie showing that his plea of guilty was not knowing and intelligent. *Id.*, at p. 18, & Exh. G.

On June 13, 2002, petitioner filed another petition for a writ of error coram nobis in the trial court.[1] Resp.'s Mot. to Dism., Exh. H. The court denied the petition on June 19, 2002. *Id.* On October 8, 2002, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.[2] Resp.'s Mot., Exh. I. That court denied the petition on April 9, 2003. *Id.* On October 22, 2003, petitioner filed a petition for a writ of habeas corpus in the trial court asserting that a delay in receiving a transcript of his plea agreement made it difficult to challenge the voluntariness of the plea agreement. Resp.'s Mot., Exh. F. On November 24, 2003, that court denied relief. *Id.*, Exh. J. Another docket sheet that respondents submit show that petitioner sought habeas relief from the appellate court on January 27, 2004. *Id.*, Exh. K. The court denied relief on March 10, 2004. *Id.*

On March 18, 2004, petitioner filed an application for a writ of habeas corpus in this court. As grounds for relief, he alleged: (1) the appellate court violated his rights under the Fifth and Fourteenth Amendments by refusing to appoint counsel to represent him in state coram nobis

---

[1] It is impossible to know what petitioner's grounds for relief were because respondents submit only a computer generated docket sheet.

[2] Again, respondents submit only a docket sheet.

2

1 proceedings; (2) the State of California breached the plea agreement by failing to release him to parole after he served the mandatory minimum sentence; and, (3) his plea of guilty to second degree murder was not voluntary because he did not fully understand the term of imprisonment to which he was agreeing. Pet., at 5-6. Respondent moved to dismiss the petition as untimely. Petitioner opposed the motion. He also requested that the court stay this action and hold it in abeyance while he exhausted the available state remedies with respect to several claims. The court granted the motion on December 8, 2004.

On May 16, 2005, petitioner filed a petition for a writ of habeas corpus in the trial court alleging that the terms of his February 27, 1989, plea bargain were violated because he was not confined under the California Youth Authority and because he was not paroled at the first possible opportunity. First. Am. Pet., App. 1. That court found that petitioner substantially delayed in presenting those claims and that he had not justified that delay. *Id.* Petitioner filed a petition for a writ of habeas corpus in the appellate court on October 11, 2005, and the court summarily denied relief on October 19, 2005. Resp.'s Mot. to Dism., Exh. L; Am. Pet., App. 2. Thereafter, petitioner sought review in the California Supreme Court, which summarily denied relief on January 18, 2006. Resp.'s Mot. to Dism., Exh. M. On March 30, 2006, petitioner filed an amended petition for a writ of habeas corpus in this court and the court lifted the stay. In the amended petition, petitioner alleges that the state breached its obligations under the plea agreement. In particular, he asserts that part of the bargain was that petitioner would serve the minimum sentence allowed by law and then be released to parole. However, at petitioner's initial parole suitability hearing on July 31, 1995, a representative from the prosecutor's office remained silent, thereby supporting a finding that plaintiff was not suitable for parole. A representative of the District Attorney's Office opposed petitioner's release to parole at petitioner's hearings on August 25, 1997, and May 9, 2002.[3] He also claims that under the terms of the plea agreement, the Board of Parole Hearings cannot cast the

---

[3] On March 21, 2002, petitioner waived his right to a parole suitability. He therefore was denied release to parole for two years. Pet. Memo, Ex. E-3.

3

crime for which petitioner was actually convicted, i.e., second degree murder, as first degree murder. Finally, he alleges that the plea agreement was breached by the state's having placed in an adult prison instead of in a Youth Authority facility.

**II.     Standards**

There is a one- year statute of limitations for seeking habeas corpus relief:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment fo filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered.

28 U.S.C. § 2241(d)(1). Where a petitioner's conviction was final before April 24, 1996, when this statute took effect, the time to file expired one year later, i.e., April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

////

1        A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

       Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

       Respondents contend that the petition is untimely because it was filed more than one year after the limitations period became law. Resp.'s Mot. to Dism., at 4. Petitioner argues that this action is timely. Here, petitioner's conviction became final 60 days after the April 24, 1989, entry of judgment, i.e., June 24, 1989. *See* Cal. Rules of Court, Rule 8.308 (conviction upon a plea of guilty is final 60 days after the entry of judgment). Since this was before April 24, 1996, when Congress enacted the statute of limitations, petitioner had until April 24, 1997, to file his federal habeas petition. *See Patterson*, 251 F.3d at 1246. Absent tolling, the March 18, 2004, petition is untimely. As noted above, petitioner has the burden of demonstrating that he is entitled to tolling. However, although petitioner's briefing is unclear, he does not seem to make such an argument. Nonetheless, the court considers the question.

       Petitioner filed his first state post-conviction motion on April 23, 2002, five years after the date by which he should have filed his federal habeas application. Section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed. *Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, insofar as timeliness is measured from the date the conviction became final, petitioner's state-court

applications cannot serve as a basis for statutory tolling.

Respondent also contends that any argument that this action is timely based on § 2244(d)(1)(D) must fail. Petitioner, through counsel, does not address this contention in any coherent manner. *See* Pet'r Opp'n, at 5, 7. As noted above, under § 2244(d)(1)(D), the limitations period runs from the time "the factual predicate for the claim could have been discovered through the exercise of diligence." In the initial application, petitioner claims that he is entitled to habeas relief because in April 2002, he learned during a review of his central file that officials of the California Department of Corrections and Rehabilitation designated him as a "life prisoner." Pet., at 5. He argued that based on the plea agreement, he was entitled to be released "at the expiration of the minimum term reduced by law." *Id.* However, as respondent notes, petitioner's initial parole suitability hearing was on July 31, 1995. Resp.'s Mot. to Dism., at 5. While neither party has submitted a transcript of that hearing, it is inconceivable that the petitioner was not informed at that time that his prison records reflected that he was serving a sentence of 15 years to life. Moreover, counsel who currently represents him also represented him in the plea negotiations, which resulted in a conviction of "murder in the second degree," and a sentence of "15 years to life in state prison." Resp.'s Mot. to Dism., Exh. A. It is important to note that the statute does not attach any legal significance to when a petitioner actually realizes that the factual basis of his claim could be a ground for relief. Petitioner either knew or should have known of the factual basis of his claim before April 24, 1996, when the limitations period went into effect. Thus, as with the analysis under § 2244(d)(1)(A), the time to file expired April 24, 1997. *Patterson*, 251 F.3d at 1246. Petitioner filed his federal petition on March 18, 2004, more than six years after the limitations period expired. Petitioner's post-conviction motions in the state court does not serve as a basis for statutory tolling because they were filed after the limitations period expired. Thus, even under § 2244(d)(1)(D), the March 18, 2004, petition is late.

////

////

Since the initial petition is late, there is no basis for reaching a different conclusion with respect to the amended petition. It is well-settled that the relation-back doctrine of Rule 15[4] of the Federal Rules of Civil Procedure applies to federal habeas proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rule 15(c) "relaxes" limitations periods by permitting a party to file an amended pleading after the limitations period has expired, as long as the claims in the amended pleading are based upon the same conduct, transaction or occurrence as those in the original pleading. *Felix*, 545 U.S. at 655, 659. Given the policy underlying Rule 15(c), it is crucial to the success of any relation-back argument that the initial pleading was, in fact, timely. Here, the original pleading was not timely. Therefore, the later pleading has nothing to which it properly may relate back.

**IV. Conclusion**

Petitioner filed his initial petition more than one year after the statute of limitations for federal habeas applications became law. He does not assert any ground for statutory or equitable tolling. Accordingly, the initial petition was late and the amended pleading has no timely pleading to which the court could find that it relates back. Therefore, this action is untimely and respondents' motion must be granted.

Accordingly, it is hereby RECOMMENDED that respondents' January 29, 2008, motion to dismiss be granted and that this action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with

---

[4] The relevant portion of Rule 15(c) provides:

An amendment to a pleading relates back to the date of the original pleading when:

(B) the amendment asserts a claim or defense that arose our of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B).

7

1 the court and serve a copy on all parties. Such a document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified
3 time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455
4 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated: March 13, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE